**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

**BOBBY E. WILSON, JR., # 52274**                                                          **PLAINTIFF**

**vs.**                                                          **CIVIL ACTION NO.: 4:12CV79-MPM-SAA**

**STATE OF MISSISSIPPI, et al.**                                                          **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court, *sua sponte*, for consideration of dismissal. Plaintiff Bobby E. Wilson, a state inmate proceeding pro se and *in forma pauperis*, has filed a lawsuit pursuant to 42 U.S.C. § 1983, asserting that prison officials placed false information in his prison files, thereby depriving him of a state-created and protected liberty interest under the Due Process Clause of the Fourteenth Amendment. Having carefully considered Plaintiff's allegations, his pleadings, and associated documents, the Court finds that Plaintiff has failed to raise a cognizable claim under § 1983.

Plaintiff is currently serving a life sentence as an habitual offender in the custody of the Mississippi Department of Corrections for a conviction of robbery from the Circuit Court of Warren County. Prior to his incarceration for the robbery offense, Plaintiff served a sentence for a 1994 conviction of auto burglary. He was released on expiration of the sentence for auto burglary on August 1, 1997, and subsequently pursued a post-conviction challenge to that conviction. The trial court found the suit time-barred, and the Mississippi Court of Appeals dismissed Plaintiff's ensuing appeal for lack of jurisdiction, as Plaintiff was no longer in custody on the charge. *See Wilson v. State*, 990 So.2d 828 (Miss. App. 2008).

Thereafter, Plaintiff filed the instant § 1983 suit alleging that the Mississippi Department of Corrections auditing policy violates due process, because it allows incorrect documents to be placed in prisoners' files.[1] Specifically, he maintains that a document was placed in his file that showed him as having served jail time for which he was not entitled to credit. He alleges that the error resulted in his premature release from prison, and that he was prejudiced as a result, because he cannot meet the "in custody" requirement necessary to bring a federal habeas challenge to his 1994 auto burglary conviction. He seeks the Court's assistance in getting his tentative release date for the 1994 conviction recalculated.

The Fourteenth Amendment does not guarantee prisoners the right to have their sentence computed by any particular method. *See Wolff v. McDonnell*, 418 U.S. 539, 556-57 (1974). However, when the State creates a statutory right to release, it also creates a liberty interest afforded due process protections "to insure that the state-created right is not arbitrarily abrogated." *Vitek v. Jones*, 445 U.S. 480, 488 (1980) (citing *Wolff*, 418 U.S. at 557). In this case, Plaintiff does not allege the deprivation of liberty through the computation of his sentence. Rather, he maintains that prison officials were too generous in their calculation of time served. Plaintiff's complaint is one of administrative procedure that does not implicate any constitutionally protected liberty interest, and he fails to raise a cognizable claim under § 1983.[2]

---

[1] Plaintiff's action was initially construed as a petition for writ of habeas corpus under 28 U.S.C. § 2254. After Plaintiff repeatedly objected to the characterization of his claim and altered his request for relief, the Court closed the federal habeas action and opened this action under § 1983. (*See* doc. entry no. 2).

[2] The Court otherwise notes that Plaintiff's post-conviction motion was dismissed by the trial court as time-barred, which the appellate court found to be a "technically accurate" basis on which to dismiss the motion. *See Wilson*, 990 So.2d at 829. Therefore, it would appear that he has suffered no harm from the alleged early release, as the motion was otherwise time-barred in

2

Therefore, the instant suit is dismissed with prejudice for Plaintiff's failure to state a claim upon which relief can be granted. A final judgment consistent with this memorandum opinion and order will issue today.

**SO ORDERED** this the 22nd day of October, 2012.

/s/ Michael P. Mills
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**

---

State court.